# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DERRICK WILLIS**                                                                        **PETITIONER**

**v.**                                                                                                     **No. 3:04CV53-D-A**

**WARDEN GREER, ET AL.**                                                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition for Derrick Willis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

## State Court Proceedings

Derrick Willis was convicted of capital murder, armed robbery and conspiracy in the Circuit Court of Grenada County, Mississippi. He was sentenced to serve consecutive sentences in the Mississippi Department of Corrections of life imprisonment on the capital murder conviction, life imprisonment on the armed robbery conviction, and five years on the conspiracy conviction. On September 20, 2001, the Mississippi Supreme Court affirmed the petitioner's conviction and sentence. *Williams and Willis v. State,* 794 So. 2d 1019 (Miss. 2001). The records of the Mississippi Supreme Court Clerk's office and the docket of the United States Supreme Court as posted on the official court websites do not reflect that Derrick Willis filed a petition for writ of *certiorari* to the United States Supreme Court. The petitioner filed an "Application for Leave to File Motion to Proceed in the Trial Court" August 28, 2003. The

Mississippi Supreme Court denied the application February 25, 2004. Mississippi Supreme Court Cause No. 2003-M-01885.

### Federal Court Proceedings

The petitioner filed the instant federal petition for a writ of *habeas corpus* March 11, 2004. The state moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). In his reply, however, the petitioner alleged that the tardiness of his petition should be excused because he had no access to legal materials during his stay at Unit 32 at the Mississippi State Penitentiary and thus could not have known about the one-year period of limitation for filing a federal *habeas corpus* petition. Given this allegation, the court directed the state to respond, and the state did so June 10, 2004. In its response, the state submitted proof that the petitioner had access to legal materials, including the one-year limitations period. The petitioner filed a supplemental brief August 5, 2004, arguing for the first time that, although he may have had access to legal materials during his stay at Unit 32, he did not understand them because he is illiterate. On August 27, 2004, the court appointed the petitioner counsel and set an evidentiary hearing for November 18, 2004, to determine the factual issues surrounding the petitioner's access to legal materials. The petitioner filed a November 23, 2004, motion for the court to issue subpoenas seeking information regarding the petitioner's mental ability. The state responded January 18, 2005, arguing first that the court should reconsider its decision to hold an evidentiary hearing and, second, should the case proceed to evidentiary hearing, that the court limit discovery based upon the sole factual issue: whether the petitioner had either: (1) actual knowledge of the one year statute of limitations for filing a federal petition for a writ of *habeas corpus*, or (2) access to information regarding the federal *habeas corpus* limitations period. The court directed

the petitioner to respond to the motion for reconsideration and continued the evidentiary hearing until further order of the court. The petitioner has now responded to the motion, and the state has replied. For the reasons set forth below, the state's motion for reconsideration shall be granted; the petitioner's motion for the court to issue subpoenas shall be denied; the evidentiary hearing in this case shall be cancelled, and the services of appointed counsel will thus no longer be required.

## Without Equitable Tolling, the Instant Federal PetitionWas Untimely Filed

The petitioner's conviction became final ninety days after the final decision in state court, on December 19, 2001 (September 20, 2001, plus 90 days). *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also Flowers v. Hanks,* 941 F. Supp. 765, 770(N.D. Ind. 1996)(*citing Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). The petitioner did not "properly file" an application to proceed in the trial court on or before December 19, 2002 (using the federal one-year statute of limitations). *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). The petitioner's August 28, 2003, "Application for Leave to File Motion to Proceed in the Trial Court" was denied by the Mississippi Supreme Court February 25, 2004. The petitioner filed this application, however, 252 days after the December 19, 2002, deadline for filing his *federal* petition and thus did not trigger the tolling provisions of § 2244(d). He then filed his federal petition for a writ of *habeas corpus* somewhere between March 8, 2004, (the date on the petition) and March 11, 2004 (the date it was received in federal court), some 445 to 448 days late. The petitioner thus seeks an order finding that the limitations period was equitably tolled during that time, rendering his federal petition timely.

## The Petitioner's Shifting Allegations

Derrick Willis filed his federal petition for a writ of *habeas corpus* March 11, 2004, raising various grounds for federal *habeas corpus* relief. The state responded April 23, 2004, with a motion to dismiss the instant petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner responded to the motion to dismiss, arguing that the federal one-year statute of limitations should be tolled because he was denied access to legal materials during his stay at Unit 32 of the Mississippi State Penitentiary; the petitioner "was informed by prison officials and administration that law library privileges were unavailable to prisoners in Unit 32." The court then ordered the state to respond to the petitioner's assertion that he was denied access to legal materials during his entire stay at Unit 32 of the Mississippi State Penitentiary; the state provided that response June 10, 2004. The state responded with proof that: (1) the petitioner enjoyed access to legal materials through the Inmate Legal Assistance Program; (2) the petitioner submitted twenty-eight requests for legal assistance during his stay in Unit 32; (3) three of those requests were denied for various reasons;[1] and (4) in response to his September 8, 2002, request, the petitioner received a post-conviction packet, which explains how an inmate may file *habeas corpus* petitions in state and federal court – including a discussion of the federal one-year limitations period.

Faced with proof that he indeed had access to information about the one-year federal limitations period through the Inmate Legal Assistance Program, the petitioner then argued – for the first time – that he had submitted a written request for a conference to discuss his legal

---

[1] At that time the state attached to its response only the three denials of service, rather than all twenty-eight requests for service.

options because he was "illiterate and couldn't read or write." The petitioner alleged further that this request was submitted on one of the twenty-five forms not attached to the state's response – and that the request was ignored. Upon direction from the court, the state supplemented its response by providing the remaining twenty-five request forms and their responses to the court for review. The petitioner did not, however, seek aid as an illiterate in any of the twenty-five forms. Further, the petitioner received both the first and second step *habeas corpus* packets on April 11, 2000 – in response to his very first request for assistance while housed at Unit 32. The discussion about the limitations periods for state and federal *habeas corpus* can be found on pages three and four of the post-conviction packet. The petitioner thus had access to the legal information he needed. The petitioner's contention that his access was rendered meaningless because he is illiterate is addressed later in this opinion.

### Evidentiary Hearing Is Not Required

On August 27, 2004, the court issued an order setting an evidentiary hearing in this matter, to determine whether the petitioner had access to legal materials during his stay at the Mississippi State Penitentiary in Parchman, Mississippi. The court appointed counsel that same day to represent the petitioner at the hearing. The petitioner's counsel then moved the court to issue several subpoenas seeking information regarding the petitioner's intellect, ability to learn, and ability to read and write. The state responded to the motion, arguing that the subpoenas seek information beyond the scope of the sole issue before the court. In addition, the state moved for reconsideration of the court's November 4, 2004, decision to hold such a hearing.

The court, after considering the state's motion for reconsideration, shall grant that motion. In some circumstances a court must hold a "live" evidentiary hearing; in others, a "paper

hearing" will suffice. *Amos v. Scott*, 61 F.3d 333 (5th Cir. 1995). A live hearing may be necessary to determine relevant facts outside the record, *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (evidentiary hearing required to determine content of unrecorded conversations between an Assistant United States Attorney and a criminal defendant). The central issue is whether credibility of witnesses would tip the balance in determining the outcome of the hearing. *Amos, supra*. In this case, the paper evidence before the court shows that the state delivered the *habeas* packet to the petitioner. The petitioner does not dispute that he received the packet; instead he argues that he is illiterate and thus did not understand the information in the packet. The state presented prison records, as well as affidavits, to rebut the petitioner's assertion that the AEDPA was not available to him. The inclusion of the supporting documentary evidence raises the controversy above that of "dueling affidavits," and shows that the petitioner had access to the materials he needed. *Amos v. Scott*, 61 F.3d 333 (5th Cir. 1995). This case is thus closer to *Amos* than to *Smith*; as such, a paper hearing is sufficient, and the court shall make a ruling on the record before it. As an evidentiary hearing is not required, the court need not have appointed counsel, and the supboenas the petitioner seeks to be issued are thus not necessary.

**Equitable Tolling**

The petitioner alleges that he is a functionally illiterate inmate and was thus prevented from filing a timely federal petition for a writ of *habeas corpus*. The petitioner's assertion of illiteracy is, however, unavailing in this case. Illiterate inmates have avenues for gaining legal assistance in the Mississippi Department of Corrections. "Functionally illiterate inmates may gain assistance by having their case manager fill out a request and submitting it to the ILAP

office (and occasionally other inmates assist in filling out the requests for illiterate inmates with the illiterate inmate signing or marking his/her mark on the request)." *Dean v. Wilson*, 4:03CV303-D-B (N.D. Miss. 2004)(from the affidavit of Ms. Gia McLeod, director of the ILAP program for the Mississippi Department of Corrections). Once the status of an inmate's case is determined, a member of the staff of the Inmate Legal Assistance Program acts as scrivener, drafting or writing pleadings for such inmates. Thus, even assuming that the petitioner is a functionally illiterate inmate, he has adequate access to the library, as well as scriveners available to assist him in filing his legal papers.

The petitioner never indicated he needed additional assistance as an illiterate inmate in any of the request forms he filed with the ILAP. He argues instead that the court could not reasonably expect an illiterate inmate to complete a written legal request form properly. The petitioner, however, has not argued that he notified the Inmate Legal Assistance Program staff of his illiteracy. Further, the petitioner fails to document how his illiteracy prevented him from gaining access to legal assistance. The petitioner submitted twenty-eight requests for legal assistance during his stay at Unit 32. None sought help as an illiterate inmate. Clearly the petitioner surmised the proper way to obtain legal assistance and took advantage of that knowledge. It does not appear to the court that the petitioner had difficulty with access to legal assistance at all.

The petitioner asks this court to hold that state inmates must actually know of, "comprehend[,] and appreciate" the operation of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations before it can be applied to them. That simply is not the law of this circuit. Inmates seeking a writ of *habeas corpus* under 28 U.S.C. § 2254 need only have

*access* to the information required to file their *habeas corpus* claims, and the state is not permitted, through its action or inaction, to *impede* that access. *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003) (state must make the AEDPA *available* to prisoners). The petitioner had access to the information needed to prosecute the instant *habeas corpus* case; he simply did not inform the staff at Mississippi Department of Corrections that he was illiterate and use that access to his benefit. Hence, the state did not block the petitioner's access to legal information; if anything, his own reticence regarding his illiteracy did. In any event, factors not attributable to the state cannot be used to invoke equitable tolling. *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000); *cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's illiteracy is clearly not attributable to the state, particularly since the state has a procedure in place to assist illiterate inmates with their legal matters. For this reason, the petitioner's invocation of equitable tolling in this case must fail. Hence, as discussed above, in the absence of equitable tolling, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

    In sum, the state's January 18, 2005, motion for reconsideration of the court's order setting an evidentiary hearing shall be granted; the evidentiary hearing in this case shall be cancelled; the petitioner's November 23, 2004, motion for issuance of subpoenas shall be denied; appointed counsel shall be relieved of his duty and paid for services rendered thus far. Finally,

the state's April 23, 2004, motion to dismiss the instant petition as untimely filed shall be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of May, 2005.

                                         /s/ Glen H. Davidson
                                         CHIEF JUDGE